## ANCHOR et al. v. HOWE et al.

*(Circuit Court, D. Idaho. April 16, 1892.)*

PUBLIC LANDS—LAND-OFFICE REGULATIONS.

Department regulations for the disposal of public lands must be appropriate, reasonable, and within the limitations of the law for the enforcement of which they are provided, and when otherwise they are void.

*(Syllabus by the Court.)*

In Equity. Bill by H. E. Anchor and others against Benjamin S. Howe and others to determine an adverse claim to public lands. Plea in abatement disallowed.

*Albert Hagan* and *Richard Z. Johnson*, for plaintiffs.

*W. B. Heyburn*, for defendants.

BEATTY, District Judge. It is alleged by the bill that this action is instituted in pursuance of the provisions of section 2326, Rev. St., and that "complainants made their protest and adverse claim under oath and in due form of law, and filed the same in the United States land office," etc. The defendants plead, in abatement of the action, that no adverse claim was filed or allowed in such land office. It sufficiently appears that an adverse claim in due form was presented to the land office for filing, but was rejected because it did not appear therefrom that a survey of the disputed premises, and a map thereof, had been made by a deputy United States surveyor. Said section 2326 requires that the adverse claim filed "shall show the nature, boundaries, and extent" thereof. This statute is in all particulars complied with by the adverse claim presented to the land office, and no question is or can be raised that the statute itself is not fully observed. But by the forty-ninth rule, issued by the commissioner of the general land office, approved by the secretary of the interior, the plat showing the boundaries of the conflicting premises "must be made from an actual survey by a deputy United States surveyor." Must this rule be regarded as a part of the law, and be closely followed? is the only question for determination. The plat and certificate attached comply with the rule, except that it does not appear that the surveyor who made them and the survey was a United States surveyor. In support of the effect of this rule, the department decisions found in Sickles, Min. Dec. 263, 265, 277, are cited. In those cases it appears the adverse claims were very irregular, and wholly failed to comply with said rule in not showing that any survey had been made, and in omitting the certificates required. Their conclusion is not based alone upon the fact that the surveyor was not a United States deputy, but, on the contrary, it is stated in one that "no surveyor," and in another that "no United States deputy or other surveyor," had performed the required acts. It may fairly be inferred from these cases that the performance of such acts by any surveyor would be sufficient. Weeks on Mineral Lands, 190, says they may be performed by a United States deputy or other surveyor. But admitting that such rule can be complied with

only by procuring the services of a United States surveyor, the question still remains whether the rule itself has the force of positive law; and by what authority can the land department make it. It is clearly invested by the statute with the executive duties in the disposal of the public lands; and by section 2478 "the commissioner of the general land office * * * is authorized to enforce and carry into execution, by appropriate regulations, every part of the provisions" applicable to the disposal of the public lands, including mineral lands. Under this section the validity of all departmental regulations which are appropriate, and within the limitations of the law, cannot be doubted. This, however, is not a grant of power to legislate; to add to the law; to render its enforcement difficult; to burden the proceedings under it with unnecessary expense or hardship; or to incumber them with onerous and technical conditions. It is designed that the permitted regulations shall simplify and explain, not embarrass, the administration of the law; and certainly they must not only be appropriate, but they must be reasonable, and within the limitations and intent of the statute. By the requirement that the boundaries and extent of the conflict shall be shown, it was not designed that the representation thereof made in the land office should be final, in that office or elsewhere; for that question is remitted to the courts for decision, and they are not in any way dependent upon the adverse claim as filed, but base their action upon a full development of all the facts. The most apparent, if not the only, object of this statute is that the applicant for patent may have a definite notice of what is claimed against him, which he may then concede or contest. Any adverse claim, apparently made in good faith, and which clearly and definitely notifies the applicant for patent of the conflict between his and the adverse mining claim, would seem to meet and comply with the object of the statute, and certainly would be sufficient to so put in issue the question of contest that the interest of all parties could be protected by the courts. It is suggested that the government does not design that its mineral lands shall be patented upon a survey made by any surveyors except those specially appointed by it. No patent, however, is issued upon such unofficial survey, or, at least, not until after an investigation by the court, where any error can be detected and corrected, and neither the government nor others can be injured thereby. I am unwilling to say that this and all the department regulations, regardless of their encroachment upon or variation from the law, and the needless expense, inconvenience, and hardship which they may entail beyond those which would result by following only the provisions of the law itself, shall be literally and technically construed and enforced. Such a rule would not be conducive to the ends of justice. When they must be followed, and when they may be disregarded, may not be easy to define by any general rule; but in all cases they must be appropriate, and within the limitations of the statute in the enforcement of which they are designed to aid, and which they cannot supplant. It has frequently been held by the supreme and other United States courts that regulations in conflict with the law are invalid; those which enlarge its requirements, though not in exact con-

flict with or contradiction of it, should be likewise regarded. If this rule is not clearly within the former, it is within the latter class. The defendants' plea, therefore, is disallowed.